**John Edwin MYERS, Plaintiff-Appellant,**

v.

**Max FRYE, Warden of Illinois State Penitentiary, Respondent-Appellee.**

**No. 16289.**

United States Court of Appeals,
Seventh Circuit.

Jan. 4, 1971.

Joseph Cohn, E. St. Louis, Ill., for plaintiff-appellant.

William G. Clark, Atty. Gen., Phillip Rock, Asst. Atty. Gen., Chicago, Ill., John M. Karns, State's Atty., St. Clair County, Belleville, Ill., for respondent-appellee, John J. O'Toole, Asst. Atty. Gen., of counsel.

Before KNOCH, Senior Circuit Judge, and KILEY and CUMMINGS, Circuit Judges.

SUPPLEMENTAL OPINION

KILEY, Circuit Judge.

On July 12, 1968 this court filed an opinion in the above cause which held that

\* \* \* the facts were not fully developed in the state court proceeding, Townsend v. Sain, 372 U.S. 293, 83 S. Ct. 745, 9 L.Ed.2d 770, so as to render the Illinois decision of voluntariness binding on the district court, and that the district court should conduct an evidentiary hearing for determination of the facts surrounding the Texas confessions and the effect of those facts, under the principles of Clewis v. State of Texas, 386 U.S. 707, 87 S. Ct. 1338, 18 L.Ed.2d 423, on the confession to Illinois authorities. 401 F. 2d 18 (7th Cir. 1968).

We retained jurisdiction and remanded the cause to the district court for that limited evidentiary hearing with directions to certify to this court the evidence heard, together with the district court's findings and conclusions.

The certified record of that limited hearing has been filed with the clerk of this court. The plaintiff-appellant and respondent-appellee were given leave by this court to file memoranda suitable to present their positions with respect to the "limited record." Neither party availed itself of the opportunity to file a memorandum.

The Illinois Supreme Court, People v. Myers, 35 Ill.2d 311, 220 N.E.2d 297, on Myers' appeal, concluded that Myers' testimony on his motion to suppress at his trial showed that the finding of involuntariness was not necessarily required with respect to the later confession to the Illinois authorities. We state the substance of that testimony: Myers was kept in the "drunk tank" at 45 degrees temperature, in light clothing, for some

time after his arrest. Before confessing at 6 p. m., he was never advised of his constitutional rights, he requested and was denied counsel three times, he was confronted with his crying accomplice while he was being questioned, and he was given little to eat and did not sleep until he confessed. He was never beaten nor promised leniency by the Texas authorities, although he was questioned persistently. He knew he had the right to remain silent and refused to talk the first two times he was questioned. He signed two confessions for the Texas authorities because "I got tired of being questioned." After the confessions were signed Myers' interrogation continued until late in the night. The next morning questioning continued until the Illinois authorities arrived and the confession to them took place. The Illinois Supreme Court stated "it is not clear" whether what Myers said he suffered under Texas authorities occurred.

On our remand the district court heard testimony of Humphreys, a Texas radio news director; FBI Agent Ahders; Chief Deputy Sheriff Cox of Howard County, Texas; and Myers. The court made extensive findings of detailed facts of what transpired from the time shortly after Myers' arrest until he signed the confession to the Texas authorities. Where there were conflicts in the testimony the district court did not credit Myers. We cannot say that it should have. The testimony of witnesses Humphreys, Ahders and Cox thoroughly refuted the claims of Myers.

The court concluded that Myers' self-incriminating statements to FBI Agent Ahders and the Texas authorities were voluntary; that the confession made in Illinois was not the product of prior involuntary Texas confessions; and that the use of Myers' confession to the Illinois authorities did not violate Myers' constitutional rights.

We have read the certified record. It is our opinion that there is substantial

---

evidence in the record to support the findings of the district court, and that the district court's conclusion is amply supported by the findings.

The facts with respect to the voluntariness of the Texas confessions have now been fully developed. We hold that there is no merit in Myers' contention that he was denied due process by the admission at his trial of his confession to Illinois authorities over his objection that the confession was tainted by the involuntary confessions to the Texas authorities. There was no error in the district court's dismissal of Myers' habeas corpus petition.

Affirmed.